UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KONDILIS, individually and on ) | |
| Behalf of all others similarly situated, ) | |
| ) | Case No. 14 CV 4192 |
| Plaintiffs, ) | |
| ) | Hon. Charles R. Norgle, Sr. |
| v. ) | |
| ) | |
| THOMAS J. DART, in his official capacity as, ) | |
| COOK COUNTY SHERIFF, ) | |
| and COUNTY OF COOK, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

### FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This is an action brought under Title I of the Americans with Disabilities Act of 1991 (ADA), to correct certain unlawful employment practices related to the disability of the Plaintiff, JAMES KONDILIS ("KONDILIS"). The Defendants, THOMAS J. DART, in his official capacity as COOK COUNTY SHERIFF and the COUNTY OF COOK, ILLINOIS, discriminated against KONDILIS, a qualified individual with a disability, because of his disability, failed to accommodate him, and retaliated against him for engaging in protected activities.

### JURISDICTION AND VENUE

2. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1331, 1337, 1343, and 1345.

3. Venue is proper in this District under 28 U.S.C. Section 1391(b). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**PARTIES**

4. Mr. KONDILIS is an adult person and a resident of Arlington Heights, Cook County, and the State of Illinois.

5. Mr. KONDILIS is currently an employee of the Sheriff's Department, and has been employed in a variety of jobs, starting as a Correctional Officer in 1989.

6. Thomas J. Dart is the Cook County Sheriff ("Sheriff") which Department is a law enforcement organization with its main offices in Cook County, Illinois.

7. Defendant Cook County is a municipal subdivision and is incorporated under the laws of the State of Illinois. It exists for the purpose of carrying out the policies of the State of Illinois for the administration of matters of political government, financing, taxation and education. Cook County is a necessary party to this litigation as a potential indemnifier of the Sheriff's Department.

8. The Sheriff is an "employer" as that term is defined under the ADA and has been at all times material to the allegations herein.

9. KONDILIS has a permanent disability diagnosis of carpal tunnel, in that he has a record of, or is regarded as having a physical impairment that substantially limits one of more of his major life activities. KONDILIS' physical impairment is increased by being subjected to a hostile and unsafe work environment while working at the Cook County Jail.

**STATEMENT OF CLAIMS**

10. Despite the Sheriff's Department listing itself as an equal employment company and having a policy against discrimination to the disabled, the Sheriff's Department intentionally discriminated against KONDILIS because of his disability by refusing to provide minimal accommodation to him.

11. The Sheriff's Department has a policy and practice of not accommodating KONDILIS' disability and subjecting him to a hostile environment by:

   a) Putting KONDILIS in situations where he could be harmed because of his disability, by subjecting him to an unhealthy work environment to try and force him to quit;

   b) Being denied accommodations in conformance with KONDILIS' medical restrictions; and

   c) Being denied accommodations by requiring KONDILIS to return to work while not medically able.

12. KONDILIS has requested the Sheriff to provide him with reasonable accommodations as stated above. However, his requests were ignored and unfulfilled.

13. The Sheriff's acts and omissions to act violate applicable provisions of the ADA.

14. The discriminatory actions of the Sheriff's Department as set forth above have caused KONDILIS to suffer loss of earnings, and as a further proximate result of the Sheriff's unlawful and intentional discriminatory actions against KONDILIS, as alleged above, KONDILIS has been harmed in that KONDILIS has suffered physical harm in his position and from his work environment.

15. As a further proximate result of the Sheriff's unlawful and intentional discriminatory actions against KONDILIS, as alleged above, KONDILIS has been harmed in that KONDILIS has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of

life, and emotional distress. As a result of such discrimination and consequent harm, KONDILIS has suffered such damages in an amount according to proof.

16. KONDILIS has no adequate remedy at law to secure relief. If this Court does not enter an order for the Sheriff to accommodate KONDILLIS, KONDILIS will be irreparably injured.

17. KONDILIS filed a discrimination charge against the Sheriff's Department with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed.

18. On April 16, 2014, KONDILIS was sent a notice from the EEOC of his right to bring this action, and KONDILIS timely filed this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(ADA – HOSTILE ENVIRONMENT – RETALIATION)**

19. KONDILIS repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

20. KONDILIS has engaged in the protected activity of requesting accommodations for his disability under the ADA.

21. KONDILIS has suffered in his job efficiency and performance by the wrongful conduct of agents of the Sheriff's Department, making it very difficult for him to work at the Sheriff's Department. To wit:

a) Putting KONDILIS in situations where he could be harmed because of his disability by virtue of the unsafe and unhealthy work environment at his facility;

b) Being denied accommodations in conformance with KONDILIS' medical restrictions;

c) Being denied accommodations by requiring KONDILIS to return to work while not medically able.

22. As a result of the Sheriff's conduct, KONDILIS' health has suffered and he has suffered great pain, humiliation, and mental anguish, all to his damage.

23. Further, the actions on the part of the Sheriff were done with malice and reckless disregard for KONDILIS' protected rights.

24. KONDILIS filed a retaliation charge against the Sheriff's Department with the EEOC. That charge was timely filed.

25. On April 16, 2014, KONDILIS was sent a notice from the EEOC of his right to bring this action, and KONDILIS has timely filed this action

## PRAYER FOR RELIEF

WHEREFORE, KONDILIS prays for judgment as follows:

- A. Declare the conduct engaged in by the Sheriff to be in violation of KONDILIS' rights;

- B. For injunctive relief, including by not limited to relief required to make KONDILIS whole for the losses caused by the violations of the Sheriff;

- C. For compensatory damages in an amount according to proof;

- D. For costs of the suit, including reasonable attorney's fees and expert fees; and

- E. For such other and further relief as the Court deems proper.

October 23, 2014	Respectfully submitted,

 	/s/Terrence Buehler
 	Terrence Buehler
 	One of the Attorneys for Plaintiff

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 West Wacker Drive, 14th Floor
Chicago, Illinois  60601
(312) 372-2209
(312) 456-3838 facsimile
tbuehler@touhylaw.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on this day of October 23, 2014, I electronically filed the foregoing FIRST AMENDED COMPLAINT with the Clerk of the Court using the ECF system, and served the aforementioned document on all counsel of record via the ECF system.

/s/ Terrence Buehler_____
One of the attorneys for the Plaintiff